IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO GILLIS, #275 689, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-676-WKW |
| | ) | [WO] |
| J.C. GILES, WARDEN, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's August 8, 2012 complaint has been considered to contain a request for a preliminary injunction. Inasmuch as the court has determined that Plaintiff's motion for temporary injunction is due to be denied (*see Doc. No. 3*), the court finds that Plaintiff's request for a preliminary injunction is due to be denied as the standards for granting relief on a TRO and a preliminary injunction are the same.[1] *See Parker v. State Bd. Of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 1*) be DENIED;

---

[1] A temporary restraining order ("TRO") is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker*, 275 F.3d at 1034-35. The movant bears the burden of proving each of these four elements. *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996).

and

    2.  This case be referred back the undersigned for additional proceedings.

    It is further

    ORDERED that on or before **September 1, 2012** Plaintiff may file an objection to the Recommendation.   Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done, this 17th day of August 2012.


                     /s/Terry F. Moorer
                     TERRY F. MOORER
                     UNITED STATES MAGISTRATE JUDGE