IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO GILLIS, #275 689, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-676-WKW |
| | ) [WO] |
| J.C. GILES, WARDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, files the instant civil rights action pursuant to 42 U.S.C. § 1983. He brings this action against Warden J.C. Giles, Correctional Officer Joseph Wright, Dorothy Scott, Carolyn Longmire, and Linda Nelson. Plaintiff complains that Defendant Wright subjected him to excessive force on July 20, 2012 and that Defendants Giles, Scott, and Longmire engaged in conduct designed to cover up Officer Wright's actions by bringing false disciplinary charges against him [Plaintiff]. Plaintiff further complains that Defendant Nelson, Director of the Personnel Division of the Alabama Department of Corrections ["ADOC"] violated his constitutional rights by failing to conduct a hearing on the matter or have the assault incident investigated by the investigative unit of the ADOC. Upon review of the complaint, the court concludes that dismissal of Defendant Nelson prior to service of

process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

### A. *Defendant Nelson*

"It is well-settled that § 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985). Here, Plaintiff wrote to Defendant Nelson about the July 20, 2012 incident involving Defendant Wright but complains that she violated his due process rights by failing to respond to his letter as well as by failing to contact the ADOC's I & I Division which could investigate his report of an assault by a correctional officer. (*Doc. No. 1*.)

This claim fails to implicate any constitutional right to which Plaintiff is entitled. The failure to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

liberty, or property interests of which the government itself may not deprive the individual."*).*

Based on the foregoing, the court concludes that the actions about which Plaintiff complains with respect to Defendant Nelson do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint against Defendant Nelson is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## *B. Conspiracy*

Plaintiff alleges that Defendants engaged in a conspiracy to violate his constitutional rights regarding the July 20, 2012 incident. Specifically, Plaintiff appears to contend that Defendants conspired to issue him a disciplinary in connection with the incident involving Defendant Wright in order to protect him from liability.

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). The court has carefully reviewed Plaintiff's claim of conspiracy and finds that it presents no more than a conclusory allegation and, thus, fails to assert those material facts necessary to establish a conspiracy by the defendant state actors. Plaintiff alleges no facts suggesting a conspiracy or an agreement other than contending that Defendants had a common goal,

3

scheme, or purpose to violate his constitutional rights with respect to the disciplinary proceedings associated with the July 20, 2012 incident. Such allegations do not allow the court to draw the conclusion that a conspiracy claim is plausible. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). Accordingly, the court concludes that Plaintiff's conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Nelson be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's conspiracy claim against the named defendants be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **November 15, 2012** Plaintiff may file an objection to

the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 31st day of October 2012.


   /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE