IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO GILLIS, #275 689, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-676-WKW |
| | ) | [WO] |
| J.C. GILES, WARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, files the instant civil rights action under 42 U.S.C. § 1983. The complaint is filed against Warden J.C. Giles, Correctional Officer Joseph Wright, Lieutenant Dorothy Scott, and Lieutenant Carolyn Longmire.[1] Plaintiff complains that Defendant Wright subjected him to excessive force on July 20, 2012, and that Defendants Giles, Scott, and Longmire engaged in conduct designed to cover up Officer Wright's actions by bringing false disciplinary charges against him [Plaintiff]. Plaintiff seeks damages and requests trial by jury.[2]

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. *Doc. No. 25.* Defendants deny they acted in violation of Plaintiff's constitutional rights. *Id.* The court granted Plaintiff an opportunity to file a response to Defendants' report and he did so. *See Doc. Nos. 26, 31.* The court deems it appropriate to treat

---

[1] Plaintiff's complaint also named as a defendant Linda Nelson and alleged a conspiracy claim against the defendants regarding disciplinary proceedings filed against him. *See Doc. No. 1.* In accordance with the prior orders and opinions of the court, Plaintiff's complaint against Defendant Nelson and his conspiracy claim were dismissed under 28 U.S.C. § 1915€(2)(B)(i) & (ii). *See Doc. Nos. 14, 19.*

[2] Previously, the court denied Plaintiff's requests for a temporary restraining order and preliminary injunctive relief. *See Doc. Nos. 1, 3, 5, 9.*

1

Defendants' report as a motion for summary judgment. This case is now pending on Defendants' dispositive motion.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof.  *Id*. at 322-324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary

judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-594 (11th Cir. 1995) (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-

3

250 (internal citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the *prima facie* case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law

applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). Where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  Here, Plaintiff has failed to demonstrate a requisite genuine dispute of material fact against Defendants to preclude summary judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION

*A. Excessive Force*

On July 12, 2012, Plaintiff states that Defendant Wright directed him to remove his cap. Plaintiff complied with this directive but asserts Defendant Wright then cursed him and almost pushed him down by hitting him in the chest. Plaintiff reported the assault to Defendant Scott but asserts she failed to investigate his claim and instead, in an effort to shield Defendant Wright's actions, issued an arbitrary disciplinary infraction against Plaintiff. *Doc. No. 1* at 3.

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v Albers*, 475 U.S. 312, 319 (1986).  However,  "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.' " *Id*. at 9 (quoting *Whitley*, 475 U.S. at 327). Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citation omitted). While a lack of serious injury is relevant to the inquiry, "[i]njury and force . . . are only imperfectly correlated and it is the latter that ultimately counts." *Id. See also Nolin v. Isbell*, 207 F.3d 1253, 1257(11th Cir. 2000) ("[T]he application of *de minimis* force, without more, will not support a claim for excessive force...."); *Johnson v. Glick*, 481 F.2d 1028, 1033

(2d Cir. 1973) ("The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force."); *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir.1996) (application of *de minimis* force, without more, presents no claim cognizable under the Eighth Amendment).

Defendant Wright denies Plaintiff's allegations and states he neither touched nor threatened Plaintiff. *Doc. No. 25, Wright Affidavit.* After directing Plaintiff to get off the porch area of E Dorm, Defendant Wright maintains that Plaintiff became very upset. *Id.* According to the institutional incident report made regarding the July 20, 2012, incident, Plaintiff informed Defendant Scott that Defendant Wright had "assaulted [him]. He shoved me and then threatened me." *Id., Exh. 4* at 4. Defendant Scott summoned Defendant Wright to the Shift Commander's Office and questioned him about Plaintiff's allegation. *Id.* Defendant Wright stated he did not assault Plaintiff but that Plaintiff became upset with him for telling the inmate to get off the porch. *Id.* Defendant Scott reprimanded Plaintiff for his negative behavior and he was then escorted by a correctional officer to the infirmary for a body chart. *Id.* Plaintiff's body chart reflects that he informed medical personnel he did not know why he was at the infirmary advising them "I was only shoved." *Id.* at 7. Notes from medical personnel's examination of Plaintiff reflect that they found no bruises or injuries on Plaintiff, and he denied and pain or discomfort. *Id.* Medical personnel released Plaintiff to DOC custody and instructed him to access health care as needed. *Id.*

Taking Plaintiff's allegations as true, the assault was only a *de minimis* use of force.[3] Plaintiff sustained no injuries as a result of the conduct about which he complains. His medical records show that his description of the occurrence for which he received a body chart was due to being shoved. Notes from his medical examination reflect no injuries, bruising, pain, or discomfort. Thus, the undisputed record shows that Plaintiff suffered no injury because of the incident with Defendant Wright.

Regarding the type of force allegedly used by Defendant Wright – shoving Plaintiff and almost making him fall down – such is "not of a sort repugnant to the conscience of mankind." *See Hudson*, 503 U.S. at 10 (quotation marks omitted). Like the "push or shove" referenced in *Wilkins*, the type of force about which Plaintiff complains "fails to state a valid excessive force claim." *Id.* 559 U.S. at 38. Thus, even taking Plaintiff's version of the events as true, any use of force was *de minimis*. Defendant Wright is, therefore, entitled to summary judgment on Plaintiff's Eighth Amendment claim.

B. *Due Process*

Plaintiff claims that Defendant Scott subjected him to a false disciplinary charge in order to "shield" Defendant Wright's unwarranted use of force. He also asserts that Defendant Longmire violated his due process rights at the July 31, 2012, disciplinary hearing when she refused to ask the arresting officer all of the questions Plaintiff had submitted, attempted to intimidate his witnesses, and failed to follow institutional rules and procedures regarding an

---

[3] Plaintiff's allegation that Defendant Wright subject him to verbal abuse entitles him to no relief. Derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983.").

error on the disciplinary report, and claims that Defendant Giles approved the arbitrary finding of guilt made by Defendant Longmire. *Doc. Nos. 1, 31.*

Defendants' evidence reflects that on July 20, 2012, Defendant Scott issued Plaintiff a disciplinary for a violation of Rule #41 – Making False Statements or Charges to an ALDOC Employee. Following a hearing on the disciplinary charge, Defendant Longmire found Plaintiff guilty as charged in the disciplinary report and sanctioned him to sixty days loss of store, visitation, telephone, and canteen privileges. On August 2, 2012, Defendant Giles approved the disciplinary. The disciplinary report also reflects that Plaintiff was provided advance, written notice of the charges against him, an opportunity to call witnesses and present documentary evidence in his own behalf, and a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Superintendent v. Hill*, 472 U.S. 445 (1985) (at a prison disciplinary hearing, the requirements of due process are satisfied if "some evidence" supports the decision of the disciplinary hearing officer). *Doc. No. 25, Exh. 4* at 2-3.

An allegation that an inmate has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of the denial of due process. *See Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Thus, Plaintiff's claim regarding the allegedly false disciplinary report lacks merit. Moreover, the Supreme Court has held that prison regulations on confinement of inmates create no liberty interest enforceable in a § 1983 action. *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id*. at 486. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is

not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Here, Plaintiff does not demonstrate that the temporary loss of privileges as a result of the misconduct charge subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* , 515 U.S. at 484.  Because Plaintiff has not alleged deprivation of a protected liberty interest, he fails to state a due process claim based upon alleged procedural errors at his hearing or the alleged false charge.  *See Id*. at 487; *see also Collins*, 743 F.2d at 253–54 ("[i]f the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded [the plaintiff] to clear himself of misdeeds which he did not commit sufficed.").  Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment due process claim.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No.  25*)  be GRANTED;

2.   Judgment be ENTERED in favor of Defendants;

3.  Costs be taxed against Plaintiff.

It is further

ORDERED that **on or before September 9, 2015**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 20th day of August 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE